### DITTEL v. BOWSKY.

(Supreme Court, Appellate Term. November 10, 1904.)

1. APPEAL—QUESTIONS REVIEWABLE—SELF-INVITED ERROR.
    Defendant on appeal cannot complain of the submission of an issue to the jury to which he consented and did not object at the trial.

Appeal from City Court of New York, Trial Term.

Action by Helen Dittel against Max Bowsky. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

William L. Mathot, for appellant.
Nathaniel Levy, for respondent.

BISCHOFF, J. The defendant appeals from a judgment made in enforcement of his liability as indorser of a promissory note, but we find no ground for reversal in the points presented.

It is contended that, after notice of protest and the commencement of the action, the defendant's time to pay was extended by agreement founded upon a new consideration, in the defendant's aiding the plaintiff to procure a certain replevin bond. As to this, it suffices to say that in no permissible construction of the testimony is there a scintilla of proof that the plaintiff had so agreed. The defendant's testimony, at best, supports an inference that he procured the bond in the hope that through this favor he might obtain grace; but he testifies to no agreement, nor does the plaintiff's testimony on the point amount to anything more than a denial that an agreement was made.

The further claim that the defendant should be credited with the amount of payments made to plaintiff by the maker of the note overlooks the fact that the jury has passed upon the question whether these payments were applied by the plaintiff to other de-

¶ 1. See Appeal and Error, vol. 3, Cent. Dig. § 3611.

mands existing in her favor against the maker, the question having been submitted to the jury under every instruction which the appellant requested. There was evidence that the payments were applied, not to this, but to other demands, as appears, indeed, to have been conceded by the appellant's consent to the submission of this question to the jury; and the record presents nothing for us to review upon this point, because it was not raised at the trial.

Certain exceptions to the exclusion of testimony sought to be obtained on cross-examination of the plaintiff were called to our attention, but the questions appear to have been material to no issue raised by the denials or tendered by the affirmative defenses in the answer, and, no purpose having been suggested by counsel which might have disclosed some reason for the admission of the evidence, the exclusion was not error.

Judgment and order affirmed, with costs. All concur.